575 So.2d 1368 (1991)
Charles Henry WILLIAMS, Petitioner,
v.
The Honorable Sidney B. SHAPIRO, Respondent.
No. 91-99.
District Court of Appeal of Florida, Third District.
March 12, 1991.
*1369 Howard E. Landau, Coral Gables, for petitioner.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for respondent.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
SCHWARTZ, Chief Judge.
Williams was taken into custody on October 28, 1988, for attempted second degree murder. No indictment or information, however, was then forthcoming, and pursuant to a "no action" announced by the state on December 2, 1988, he was thereupon released. On December 29, 1989, at a time when a charging document had still not been filed, but which was far more than 180 days after the commencement, by the arrest, of the speedy trial time provided by Florida Rule of Criminal Procedure 3.191(a)(1), he filed a motion for discharge under the rule. The fifteen-day "window of recovery" provided by Florida Rule of Criminal Procedure 3.191(i)(3) expired on January 13, 1990, without, of course, any action on the part of the court or the state. On December 17, 1990, on the stated ground of the fifteen-day-plus lapse without trial, Williams moved for final discharge. See Fla.R.Crim.P. 3.191(i)(3). This action was in obvious anticipation of the fact that on December 18th and December 20th,[1] the state indeed filed two separate informations formally charging him for the first time with the criminal acts which were the basis for the initial arrest. The motion for discharge was heard and denied on December 21, 1990, and the defendant has now sought prohibition to preclude the trial court from going forward. We deny the application.
Contrary to the sole contention of the defendant  who raises no constitutional claim arising out of an allegedly unreasonable pre-information delay or otherwise  we agree with the trial court that he is not entitled to relief under Rule 3.191. See State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971); Kanter v. State, 265 So.2d 742 (Fla. 3d DCA 1972). The legal question before us is the effect on that issue of the motion for discharge filed on December 29, 1989, when there was no action pending in the circuit court. It is clear that it had no effect at all, and certainly not the one claimed here  that it set the fifteen-day window period running so as to require a discharge after it elapsed. This result is rendered no less than self-evident (a) by the express terms of the rule, which applies only to "person[s] charged with a crime by indictment or information," Fla.R.Crim.P. 3.191(a)(1); (b) by the fact that the trial court, in the absence of a charging document, had no jurisdiction over the cause so that the motion for discharge must be *1370 deemed a nullity, see State v. Anderson, 537 So.2d 1373 (Fla. 1980); and (c) by the common sense of the situation: the state can hardly be required to bring a defendant to trial in a case which does not conceptually or actually even exist.
Prohibition denied.
NOTES
[1] These dates were within the applicable statute of limitations as to the offenses which allegedly occurred on October 22, 1988.