630 So.2d 1150 (1993)
William FULLER, Petitioner,
v.
The Honorable Michael A. GENDEN, etc., Respondent.
No. 93-2219.
District Court of Appeal of Florida, Third District.
November 30, 1993.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen. and Katherine Fernandez Rundle, State Atty., and Lisa Berlow-Lehner, Asst. State Atty., for respondent.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
SCHWARTZ, Chief Judge.
We reject the state's contention that the holding of State v. Agee, 622 So.2d 473 (Fla. 1993) does not apply because the state voluntarily terminated the prosecution of the defendant after he had been arrested by a so-called "no action" taken before an information was filed, rather than, as in Agee, through a "nolle prosse" filed after an information. In the light of the policy underlying the supreme court's interpretation of the speedy trial rule, this is a distinction without a legally cognizable difference. See Allied Fidelity Ins. Co. v. State ex rel. Dade County, 408 So.2d 756 (Fla. 3d DCA 1982). Diaz v. State (Fla. 5th DCA Case no. 92-3022, opinion filed, September 24, 1993) [18 FLW D2080] (majority opinion and Dauksch, J., specially concurring), vacated on rehearing, 627 So.2d 125 (Fla. 5th DCA 1993), directly so holds. Although our earlier decision of Williams v. Shapiro, 575 So.2d 1368 (Fla. 3d DCA 1991) is to the contrary, we believe that it has been effectively overruled by Agee. Accordingly, on the authority of Agee, the petition for writ of prohibition is granted.
We certify to the supreme court that this decision involves the following question of great public importance:
Whether the Holding of State v. Agee Applies When the Prosecution Is Terminated by a Voluntary Dismissal Before an Indictment or Information Rather Than a "Nolle Prosse" Filed After an Information or Indictment?
Prohibition granted, question certified.