648 So.2d 1183 (1994)
Michael A. GENDEN, Petitioner,
v.
William FULLER, Respondent.
No. 83030.
Supreme Court of Florida.
November 3, 1994.
Rehearing Denied January 26, 1995.
Robert A. Butterworth, Atty. Gen.; Katherine Fernandez Rundle, State Atty., and Lisa Berlow-Lehner, Asst. State Atty., Eleventh Judicial Circuit, Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
KOGAN, Justice.
We have for review Fuller v. Genden, 630 So.2d 1150 (Fla. 3d DCA 1993), in which the Third District Court of Appeal certified the following question as being of great public importance:
Whether the holding of State v. Agee applies when the prosecution is terminated by a voluntary dismissal before an indictment or information rather than a "nolle prosse" filed after an information or indictment.
Id. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Fuller was originally arrested on November 24, 1992, for grand theft. After the arrest and before an information was filed, the State voluntarily terminated the prosecution by announcing that it would bring "no action."[1] Fuller was released and the case was closed by the clerk of court. On June 28, 1993, the State filed an information charging Fuller with grand theft based on the same events that lead to his earlier arrest. Fuller was arrested in connection with the charges on August 3, 1993. Two weeks later, Fuller filed for discharge under the speedy trial rule. The trial court denied the motion, ruling that the State had the fifteen-day window period within which to try Fuller. The district court granted Fuller's petition for writ of prohibition on the authority of this Court's decision in State v. Agee, 622 So.2d 473 (Fla. 1993), and certified the above question. 630 So.2d at 1150.
In Agee, we held that when the State enters a nolle prosequi, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired. 622 So.2d at 475. We reasoned that
[t]o allow the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rule  a prosecutor with a weak case could *1184 simply enter a nol pros while continuing to develop the case and then refile charges based on the same criminal episode months or even years later, thus effectively denying an accused the right to a speedy trial while the State strengthens its case.
Id. We are now presented with the question of whether Florida Rule of Criminal Procedure 3.191 should be construed to allow the State to effectively toll the running of the speedy trial period by entering a "no action" prior to the filing of formal charges. For the reasons expressed below, we conclude that it should not.
The speedy trial rule applies to "person[s] charged with a crime by indictment or information." Fla.R.Crim.P. 3.191(a). However, we have made clear that "the date of the original arrest is the focal point for speedy trial considerations" and "[o]nly in specifically delineated circumstances can the time period be adjusted." Weed v. State, 411 So.2d 863, 865 (Fla. 1982). Thus, the fact that charges are not yet filed when a prosecution is terminated by a "no action" is not determinative. Accord Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977) (fact that grand jury returned a "No True Bill" on the charge of first-degree murder and defendant was released from custody prior to being charged with second-degree murder and rearrested on that charge did not affect running of speedy trial time), cert. dismissed, 354 So.2d 986 (Fla. 1978). This is so because the speedy trial time commences when the accused is "taken into custody as defined under subdivision (d)" of rule 3.191, rather than when charges are filed against the accused. Fla.R.Crim.P. 3.191(a); accord Allen v. State, 275 So.2d 238 (Fla. 1973) (speedy trial period commenced from date defendant was taken into custody); Thigpen (speedy trial time begins to run when defendant is first taken into custody). Subdivision (d) provides:
For purposes of this rule, a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest.
(Emphasis added).
Any contention that the rule was intended to benefit only those arrestees charged with an offense prior to the expiration of the speedy trial period is refuted by subsection (1) of rule 3.191(i), as originally adopted. Subsection (1) of the rule 3.191 "schedule" provides that the rule "shall be effective and govern the trial dates of all persons taken into custody after 12:01 a.m. on March 1, 1971." Fla.R.Crim.P. 3.191(i)(1) (1971). Such a contention is also refuted by our recognition in Lewis v. State, 357 So.2d 725 (Fla. 1978), that a defendant who was arrested for an offense but released before charges were filed was entitled to discharge where the speedy trial time had expired before the State formally charged the defendant with that offense.
In Lewis, the defendant, who had been arrested for robbery, was released because the state failed to file formal charges. Lewis was later sentenced to prison on an unrelated conviction. After the speedy trial period had expired for the robbery offense but while he was still in prison on the unrelated conviction, Lewis was rearrested and charged with the robbery. The trial court granted Lewis's motion for discharge. 357 So.2d at 726. In answering a question certified by the district court, this Court rejected the State's contention that because of Lewis's subsequent imprisonment on the unrelated conviction, the speedy trial time should be enlarged to one year under former rule 3.191(b)(1).[2] We construed former rule 3.191(b)(1) as being applicable to only those persons imprisoned within this State pursuant to a judgment of guilt at the time they are arrested or charged with additional crimes. We held that because Lewis was not imprisoned at the time he initially was arrested for the robbery, he should have been brought to trial within the speedy trial period. This period began to run on the date of Lewis's initial arrest for the robbery even though, as in this case, the state did not file charges against him for that *1185 offense until after the speedy trial period had expired. 357 So.2d at 728.
Our application of the speedy trial rule in Lewis is consistent with our construction of the rule in Agee. The fact that subdivision (o) of rule 3.191,[3] which was relied on in Agee, appears to speak only to the State's decision to terminate a prosecution where there are "pending charges" does not mean that the State can circumvent the rule simply by declining to prosecute an arrestee before charges are filed. We agree with the district court below that whether the State voluntarily terminates a prosecution before an information is filed, as was done here and in Lewis, rather than after the defendant has been formally charged, as was done in Agee, "is a distinction without a legally cognizable difference." 630 So.2d at 1150; accord Allied Fidelity Insurance Co. v. State, 408 So.2d 756 (Fla. 3d DCA 1982) ("no action" has same effect as nolle prosequi for purposes of releasing surety from obligation to produce the defendant). We acknowledged as much in Agee, when we explained that if the State is not prepared to proceed to trial, it "may either postpone arresting a suspect until it has an adequate case or, if charges have already been filed, seek an extension for good cause." Id. at 475 (emphasis added).
If we were to interpret the rule as urged by the State, we would be providing the State with a means by which to "unilaterally toll the running of the speedy trial period," id., something we declined to do in both Agee and Lewis. The State would be able to avoid the speedy trial rule by waiting to formally charge an arrestee. Then, if it appears the prosecution will not be prepared to proceed to trial within the speedy trial period, the State can file a no action order and after strengthening its case, file formal charges, rearrest the defendant and proceed to trial. Such a result is contrary to the spirit of the speedy trial rule and our intent that there be "judicial control over deviations from the rule." Id.
Moreover, it is unclear under the State's construction of the rule when the speedy trial time begins to run in a case like this. After a "no action" is announced, does the period start to run when the charges are ultimately filed or when the defendant is rearrested on those charges? Maybe it begins to run when the accused is first arrested but then is tolled between the time the no action is announced and the information is filed. This uncertainty serves as further support for our conclusion that the holding in Agee should control here.
Thus, we hold that the speedy trial time begins to run when an accused is first taken into custody and continues to run when the State voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired. Accordingly, we answer the certified question in the affirmative, approve the decision below and remand the cause for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and HARDING and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which OVERTON and SHAW, JJ., concur.
WELLS, Justice, dissenting.
I dissent from the majority's decision to extend the speedy trial rule and this court's holding in State v. Agee, 622 So.2d 473 (Fla. 1993), to this situation involving a "no action" report. By the express language of Florida Rule of Criminal Procedure 3.191, the rule only applies to persons charged with a crime by indictment or information. There is simply no basis in the plain language of the rule upon which to extend this rule of court procedure to instances in which a person has not *1186 been charged by indictment or information. I find the reasoning of the Third District Court of Appeal in Williams v. Shapiro, 575 So.2d 1368 (Fla. 3d DCA 1991), to be compelling in respect to a no-action situation, even though in that case, a motion to discharge was filed prior to the information being filed:
The legal question before us is the effect on that issue of the motion for discharge filed on December 29, 1989, when there was no action pending in the circuit court. It is clear that it had no effect at all, and certainly not the one claimed here  that it set the fifteen-day window period running so as to require a discharge after it elapsed. This result is rendered no less than self-evident (a) by the express terms of the rule, which applies only to "person[s] charged with a crime by indictment or information," Fla.R.Crim.P. 3.191(a)(1); (b) by the fact that the trial court, in the absence of a charging document, had no jurisdiction over the cause so that the motion for discharge must be deemed a nullity, see State v. Anderson, 537 So.2d 1373 (Fla. 1980) [sic]; and (c) by the common sense of the situation: the state can hardly be required to bring a defendant to trial in a case which does not conceptually or actually even exist.

Id. at 1369-70 (emphasis added).
Moreover, to interpret this court rule so that the time period runs even when the state attorney decides not to proceed against a person arrested places too great a burden upon the State. Arrest decisions are generally made by local law enforcement officials and are not necessarily made with the advice of counsel. Arrest decisions are different from decisions involving whether to charge a defendant with an information or an indictment. The information or indictment is the legal foundation upon which the State must proceed in the trial court. Thus, it is logical to apply this rule of court procedure only in instances where the state attorney has made the decision to proceed against a defendant in the trial court. The majority ignores this practical fact and simply states that the rule should be avoided by postponing the arrest of a suspect until the State has an adequate case.
It is my view that the majority's opinion is further in error in stating that the difference between a "no action" report and a nolle prosequi "is a distinction without a legally cognizable difference." A patent, meaningful distinction is seen in Florida Rule of Criminal Procedure 3.191(i) pertaining to when time may be extended so as to avoid dismissal for violation of the rule. All of the subsections of (i) address situations in which there is a case pending in a court. This is obviously because the entire rule is premised upon an indictment or information having been filed. Thus, to obtain an extension of time under the majority's application of the rule, the state attorney who may not have been consulted about the arrest will have to file an information or indictment even when in the state attorney's legal judgment such filing should not at that time be made. Otherwise, there is no way to extend the time. Surely, this is not a practice which this court should require of the state attorney or condone.
The sole connection between rule 3.191(a) and the arrest is that the arrest starts the time period running under the rule. Rules 3.133(b)(1) and 3.134 provide adequate safeguards to the defendant during the period after arrest to assure that either charges are pursued or the defendant is released.
In Agee, this court adhered to a literal application of rule 3.191(a) and refused to imply a good-faith exception to the rule in respect to a nolle prosequi. Certainly, this court should not here imply a "no action" provision into this rule. If the speedy trial rule is going to apply to situations in which there is no information or indictment, then an amendment to the rule should be proposed and this court should hear argument as to the impact that such an application would have on the adjudication of criminal charges on the basis of substance rather than procedure.
I emphasize that here we are dealing with a rule of court procedure. This rule should not be applied so broadly that it eviscerates the statute of limitations set by the legislature.
OVERTON and SHAW, JJ., concur.
NOTES
[1] A "no action" has been defined as "a dismissal of the pending charges before an information or indictment has been filed." Allied Fidelity Insurance Co. v. State, 408 So.2d 756, 756 n. 1 (Fla. 3d DCA 1982).
[2] Prisoners in State institutions are now treated like any other defendant. Fla.R.Crim.P. 3.191(a).
[3] Rule 3.191(o) provides:

Nolle prosequi; Effect. The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.