WOLF, Judge.
Glen Nash appeals the trial court’s denial of his motion for postconviction relief made pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, appellant alleged one error: That his sentence for 21 years for third-degree murder under section 782.04(4), Florida Statutes, was illegal as beyond the statutory maximum of 15 years. In the order denying appellant’s motion, the trial court pointed out that “defendant pled guilty to murder in the second degree under section 782.04, Fla.Stat.,” and further stated that “defendant has not stated a legal basis for relief in light of the plea agreement he signed....” The appellant’s judgment and sentence forms and signed plea agreement were attached to the order.
Although it seems apparent from the record that the appellant agreed to 21 years’ imprisonment for second-degree murder (a first-degree felony punishable by life) under section 782.04(3), the judgment form refers to section 782.04(4), which is the statute addressing third-degree murder (a second-degree felony). A 21-year sentence for third-degree murder would be illegal as beyond the statutory maximum. The judgment, sentence and plea forms, however, all refer to second-degree murder and the degree of crime references life imprisonment. It, therefore, appears from the record that the appellant was actually sentenced to 21 years for a first-degree felony punishable by life pursuant to a valid plea agreement. Where a sentence is imposed pursuant to a valid plea agreement, no error has occurred. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), aff'd, 586 So.2d 340 (Fla.1991).
Accordingly, we affirm the sentence imposed, but remand for the trial court to change the incorrect references to section 782.04(4) in the judgment and sentence forms.
BOOTH and BENTON, JJ., concur.