675 So.2d 955 (1996)
Peter DEDOLCHOW, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-3835.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
Rehearing/Certification Denied July 18, 1996.
*956 Jack A. Fleischman of Fleischman & Fleischman, P.A., Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward Giles, Assistant Attorney General, West Palm Beach, for respondent.
Rehearing En Banc/Certification Denied July 18, 1996.
FARMER, Judge.
We grant prohibition and remand to the trial court to discharge petitioner on the basis of Genden v. Fuller, 648 So.2d 1183 (Fla.1994); State v. Agee, 622 So.2d 473 (Fla. 1993); and Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977), cert. dismissed, 354 So.2d 986 (Fla.1978).
Factually, the only difference between this case and Genden and Agee is that here the State filed its new charges against petitioner before speedy trial time had expired. In Genden, the court stated that the issue was whether rule 3.191 should be construed to allow the State to "effectively toll the running of the speedy trial period by entering a `no action' prior to the filing of the formal charges" and concluded that the State could not do so. 648 So.2d at 1184. In reaching its conclusion, the court cited our opinion in Thigpen and characterized our holding as "fact that grand jury returned a `No True Bill' on the charge of first-degree murder and defendant was released from custody prior to being charged with second-degree murder and rearrested on that charge did not affect running of speedy trial time." 648 So.2d at 1184. Hence, the fact that the State released petitioner from custody when it entered the "no file" on the misdemeanor charge of DUI and that he was not returned to custodythrough no fault of his own until he was rearrested on the felony DUI charge 8 months later is immaterial to the running of the speedy trial time.
PROHIBITION GRANTED.
WARNER and POLEN, JJ., concur.