774 So.2d 23 (2000)
Latundra WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D00-2978.
District Court of Appeal of Florida, Second District.
September 1, 2000.
Julianne M. Holt, Public Defender, and Jeanine Cohen, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly Nolen Hopkins, Tampa, for Respondent.
PER CURIAM.
Latundra Williams petitioned this court for a writ of prohibition seeking review of an order that denied her motion for discharge from prosecution which was filed after the speedy trial period expired without the State having filed an information. By order dated August 1, 2000, we granted the petition indicating that this opinion would follow.
Williams was arrested on October 8, 1999, and charged with two felonies. The State filed an information against her on May 3, 2000, which was 206 days after the arrest. On June 26, 2000, Williams filed a motion for discharge asserting a violation of her right to speedy trial. The trial court conducted a hearing, treated the motion as a notice of expiration of speedy *24 trial, and set the case for trial within ten days. Reserving her right to challenge the denial of the motion, Williams waived her right to speedy trial.
The supreme court addressed an analogous situation in Genden v. Fuller, 648 So.2d 1183 (Fla.1994). In Genden, the State announced it would bring no action against a defendant after the defendant was arrested. More than six months after the first arrest, the State filed an information against the defendant based on the same events for which he had been arrested. Five weeks later, the defendant was arrested again and, two weeks after the second arrest, he moved for discharge under the speedy trial rule. The trial court denied the motion, ruling that the State had the fifteen-day recapture period prescribed by Florida Rule of Criminal Procedure 3.191 within which to try the defendant.
The district court granted the defendant's petition on the authority of State v. Agee, 622 So.2d 473(Fla.1993), and certified the following question:

WHETHER THE HOLDING OF STATE v. AGEE APPLIES WHEN THE PROSECUTION IS TERMINATED BY A VOLUNTARY DISMISSAL BEFORE AN INDICTMENT OR INFORMATION RATHER THAN A "NOLLE PROSSE" FILED AFTER AN INFORMATION OR INDICTMENT?
Fuller v. Genden, 630 So.2d 1150(Fla. 3d DCA 1993). The supreme court answered the question in the affirmative, holding that "the speedy trial time begins to run when an accused is first taken into custody and continues to run when the State voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired." Genden, 648 So.2d at 1185. In reaching its conclusion, the court reasoned that to interpret the rule as the State urged would provide the State with a means by which to unilaterally toll the running of the speedy trial period, which the court declined to do. The court observed that "[t]he State would be able to avoid the speedy trial rule by waiting to formally charge an arrestee." Id.
We find no legally cognizable difference between Genden, in which the State filed an information after the speedy trial period expired but after announcing it would bring "no action," and this case in which the State made no announcements and simply waited to file the information until after the speedy trial period expired. The speedy trial period began to run when Williams was taken into custody and expired before the State took action of any kind. Under Genden, the State may not avoid the speedy trial rule by waiting to formally charge an arrestee.
Our reliance on Genden is not without hesitation. As Justice Wells points out in his persuasive dissent, "[b]y the express language of Florida Rule of Criminal Procedure 3.191, the rule only applies to persons charged with a crime by indictment or information." Id. (Wells, J., dissenting). He also discusses pitfalls in the application of the majority view and suggests that a rule amendment should be proposed.
Nevertheless, we are compelled to follow Genden, which appears to require that we grant Williams' petition. However, we certify the following question as being of great public importance:

WHETHER THE HOLDING OF GENDEN v. FULLER, 648 SO.2D 1183 (FLA. 1995), APPLIES WHERE THE STATE TAKES NO ACTION PRIOR TO THE EXPIRATION OF THE SPEEDY TRIAL PERIOD AND THEN FILES AN INFORMATION AFTER THE PERIOD HAS EXPIRED?
Petition granted by order dated August 1, 2000; trial court's order quashed; case remanded for discharge; question certified.
DAVIS, and STRINGER, JJ., Concurring.
*25 FULMER, Acting Chief Judge, Concurs specially.
Although I have concurred with the granting of the petition for writ of prohibition, I am not totally convinced that Genden should be applied in a case where the State has taken no action to indicate an intention not to prosecute. There is nothing in Florida Rule of Criminal Procedure 3.191 that precludes an accused, such as Williams, who has been arrested and not formally charged from filing a notice of expiration of speedy trial directed to the case pending on the arrest.[1] The filing of such notice should trigger the recapture period provided for in Florida Rule of Criminal Procedure 3.191(p) and allow an opportunity for the State to file an information and proceed with prosecution.
In cases such as Agee and Genden, where the State voluntarily terminates prosecution by either filing a nolle prosequi or announcing a "no action" report, the case pending on the arrest is closed and no case exists within which the accused can invoke the procedural right to speedy trial. Once the State has taken some action to indicate that it does not intend to prosecute, it is appropriate that the State be charged with the continuous running of the clock if it later changes it mind. Where the State has taken no action at all, the accused is on notice that a case is pending and is protected against inordinate delay by the ability to invoke the rights to speedy trial provided by both the rule and the United States Constitution. Having presented my reservations about the position taken in the majority, I nevertheless concur because the discussion in Genden appears to support the issuance of the writ of prohibition. However, the rule as currently written does not contemplate the facts we address in Williams' petition, and to the extent that this court or the supreme court creates fact-based applications of the rule that do not apply to the rule as written, it underscores the need for amendment.
NOTES
[1] Irrespective of the fact that the speedy trial rule provides that it "applies to every person charged with a crime by indictment or information," the court in Genden v. Fuller, 648 So.2d 1183, 1184 (Fla.1994), states that the rule is triggered when a person is "taken into custody" and rejected the contention that "the rule was intended to benefit only those arrestees charged with an offense prior to the expiration of the speedy trial period."