791 So.2d 1088 (2001)
STATE of Florida, Petitioner,
v.
Latundra WILLIAMS, Respondent.
No. SC00-1905.
Supreme Court of Florida.
July 13, 2001.
*1089 Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Stephen D. Ake, Senior Assistant Attorney General, Tampa, FL, for Petitioner.
Julianne M. Holt, Public Defender, and Jeanine Cohen, Assistant Public Defender, Thirteenth Judicial Circuit, Tampa, FL, for Respondent.
HARDING, J.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
Whether the holding of Genden v. Fuller, 648 So.2d 1183 (Fla.1994), applies where the state takes no action prior to the expiration of the speedy trial period and then files an information after the period has expired.
Williams v. State, 774 So.2d 23, 24 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The Respondent, Latundra Williams, was arrested on October 8, 1999. On May 3, 2000, the State filed an information against Respondent, 206 days after her arrest. On June 26, 2000, Williams filed a motion for discharge asserting a violation of her right to speedy trial. The trial court conducted a hearing, treated the motion as a notice of expiration of speedy trial, and set the case for trial within ten days. Williams reserved her right to challenge the denial of the motion and waived her right to a speedy trial.
Williams petitioned the Second District Court of Appeal for a writ of prohibition seeking review of the trial court's denial of her motion to discharge filed after the speedy trial period expired. Following Genden v. Fuller, 648 So.2d 1183 (Fla. 1994), the Second District granted the petition by order dated August 1, 2000, quashed the trial court's order, remanded the case for discharge, and certified the above question.
In the instant case, we are presented with the question of whether Florida Rule of Criminal Procedure 3.191 should be construed to allow the State to effectively toll the running of the speedy trial period by allowing it to expire prior to filing of formal charges. For the reasons expressed below, we conclude that it should not.
In State v. Agee, 622 So.2d 473 (Fla. 1993), we held that the State could not refile charges once it had entered a nolle prosequi and the speedy trial period had run. In Agee, the defendant was charged with attempted second-degree murder, arrested, and extradited to Florida on March *1090 30, 1988. Under rule 3.191, the defendant made a written demand for a speedy trial pursuant to rule 3.191 on July 22, 1988. At that time, the victim was comatose and there were no eyewitnesses. Thirty-three days before expiration of the speedy trial period, the State entered a nolle prosequi. Florida authorities later located two eyewitnesses to the crime and the victim emerged from his coma. By this time, the speedy trial time expired yet the State filed an information charging the defendant with premeditated attempted first-degree murder. The trial court dismissed the charges, ruling that the nolle prosequi provision of rule 3.191 prohibited the State from refiling charges once the it entered a nolle prosequi and the speedy trial time had run. The district court affirmed and concluded that the State was not entitled to the fifteen-day recapture window.
Upon review, this Court approved the decision of the First District Court of Appeal, reasoning that "[t]o allow the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rule-a prosecutor with a weak case could simply enter a nol pros while continuing to develop the case and then refile charges based on the same criminal episode months or even years later, thus effectively denying the accused the right to a speedy trial while the State strengthens its case." Agee, 622 So.2d at 475. This Court held that the speedy trial period continued to run upon entry of a nolle prosequi by the State, and that the State could not refile charges based on the same conduct after that period had expired. Noting that the State was not without options, this Court stated that the State may seek extension of the speedy trial time period with good cause, or postpone arresting a suspect until it has an adequate case. See also Fla. R.Crim. P. 3.191(j).
A year later, in Genden v. Fuller, 648 So.2d 1183 (Fla.1994), this Court prohibited the State from effectively tolling the running of the speedy trial time period by entering a "no action" prior to filing of formal charges. The defendant in Genden was arrested on November 24, 1992. "After the arrest and before an information was filed, the State voluntarily terminated the prosecution by announcing that it would bring `no action.'" Id. at 1183.[1] Notably, unlike the defendant in Agee, the defendant in Genden was never charged prior to the expiration of the speedy trial time. The State, however, charged the defendant on June 28, 1993, based on the same events that led to his earlier arrest. The defendant was arrested on August 3, 1993, and the State filed an information charging Fuller with grand theft. Two weeks later, the defendant filed for discharge under the speedy trial rule.
Denying the motion, the trial court allowed the fifteen-day recapture window to take effect. The defendant petitioned the Third District Court of Appeal for a writ of prohibition on the authority of this Court's holding in Agee. The district court granted Fuller's petition and certified the following question as being of great public importance:
Whether the holding of State v. Agee applies when the prosecution is terminated by a voluntary dismissal before an indictment or information rather than a "nolle prosse" filed after an information or indictment? *1091 Fuller v. Genden, 630 So.2d 1150 (Fla. 3d DCA 1993).
This Court answered the certified question in Genden in the affirmative. We held that the speedy trial time begins to run when an accused is taken into custody and continues to run when the State voluntarily terminates prosecution, before formal charges are filed. Our holding prohibited the State from filing charges based on the same conduct after the speedy trial period has expired. See Genden, 648 So.2d at 1185. Genden extended Agee's reasoning to instances where "no action" was entered by the State. This Court reiterated that "the date of the original arrest is the focal point for speedy trial considerations' and `[o]nly in specifically delineated circumstances can the time period be adjusted.'" Id. (quoting Weed v. State, 411 So.2d 863, 865 (Fla.1982)). We stated that "the fact that charges are not yet filed when a prosecution is terminated by a `no action' is not determinative" because the speedy trial time commences "when the accused is `taken into custody as defined under subdivision (d)' of rule 3.191, rather than when charges are filed." Genden, 648 So.2d at 1184 (citing Fla. R.Crim. P. 3.191(a)). Accord Allen v. State, 275 So.2d 238, 240 (Fla.1973); Thigpen v. State, 350 So.2d 1078, 1079 (Fla. 4th DCA 1977).
Refuting any contention that the rule was intended to benefit only those arrestees charged with an offense, we cited subsection (1) of rule 3.191(i), as originally adopted. That subsection provided that the rule "shall be effective and govern the trial dates of all persons taken into custody after 12:01 a.m. on March 1, 1971." Fla. R.Crim. P. 3.191(i)(1)(1971). Furthermore, we recognized Lewis v. State, 357 So.2d 725 (Fla.1978), which held that "a defendant who was arrested for an offense but released before charges were filed was entitled to discharge where the speedy trial time had expired before the State formally charged the defendant with that offense." Genden, 648 So.2d at 1184. We agreed that "whether the State voluntarily terminates a prosecution before an information is filed ... rather than after the defendant is formally charged, as was done with Agee, `is a distinction without a legally cognizable difference.'" Id. at 1185 (quoting Fuller v. Genden, 630 So.2d at 1150).
In the present case, the Second District Court of Appeal was faced with the question of whether to extend the rule in Genden to a case in which the State took no action until after the speedy trial period expired. Finding Williams and Genden analogous, the district court applied Genden's reasoning and determined that no legally cognizable difference existed between the State announcing a "no action," and inaction by the State until after the speedy trial period expired. See Williams, 774 So.2d at 24. We agree. It follows that the 175 day speedy trial period "began to run when Williams was first taken into custody." Id. As in Genden, the State was not entitled to a recapture period under rule 3.191. Therefore, the district court properly granted Williams the writ of prohibition.
Thus, we hold that the speedy trial time begins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period. The State may not file charges based on the same conduct after the speedy trial period has expired.
Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
*1092 SHAW, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, C.J., dissents with an opinion, in which QUINCE, J., concurs.
WELLS, C.J., dissenting.
The majority's opinion totally ignores what troubled all the members of the Second District Court of Appeal panel. The Second District's opinion states:
Our reliance on [Genden v. Fuller, 648 So.2d 1183 (Fla.1994),] is not without hesitation. As Justice Wells points out in his persuasive dissent, "[b]y the express language of Florida Rule of Criminal Procedure 3.191, the rule only applies to persons charged with a crime by indictment or information." Id. (Wells, J., dissenting). He also discusses pitfalls in the application of the majority view and suggests that a rule amendment should be proposed.
Nevertheless, we are compelled to follow Genden, which appears to require that we grant Williams' petition.
Williams v. State, 774 So.2d 23, 24 (Fla. 2d DCA 2000).
In her concurring opinion, Acting Chief Judge Fulmer wrote:
Although I have concurred with the granting of the petition for writ of prohibition, I am not totally convinced that Genden should be applied in a case where the State has taken no action to indicate an intention not to prosecute. There is nothing in Florida Rule of Criminal Procedure 3.191 that precludes an accused, such as Williams, who has been arrested and not formally charged from filing a notice of expiration of speedy trial directed to the case pending on the arrest.1 The filing of such notice should trigger the recapture period provided for in Florida Rule of Criminal Procedure 3.191(p) and allow an opportunity for the State to file an information and proceed with prosecution.
1. Irrespective of the fact that the speedy trial rule provides that it "applies to every person charged with a crime by indictment or information," the court in Genden ..., states that the rule is triggered when a person is "taken into custody" and rejected the contention that "the rule was intended to benefit only those arrestees charged with an offense prior to the expiration of the speedy trial period."
In cases such as Agee and Genden, where the State voluntarily terminates prosecution by either filing a nolle prosequi or announcing a "no action" report, the case pending on the arrest is closed and no case exists within which the accused can invoke the procedural right to speedy trial. Once the State has taken some action to indicate that it does not intend to prosecute, it is appropriate that the State be charged with the continuous running of the clock if it later changes it mind. Where the State has taken no action at all, the accused is on notice that a case is pending and is protected against inordinate delay by the ability to invoke the rights to speedy trial provided by both the rule and the United States Constitution. Having presented my reservations about the position taken in the majority, I nevertheless concur because the discussion in Genden appears to support the issuance of the writ of prohibition. However, the rule as currently written does not contemplate the facts we address in Williams' petition, and to the extent that this court or the supreme court creates fact-based applications of the rule that do not apply to the rule as written, it underscores the need for amendment.
Id. at 25.
As the Second District judges each note and as I stated in Genden, my concern is that rule 3.191 "only applies to persons *1093 charged with a crime by indictment or information." Genden, 648 So.2d at 1185. The majority cannot and does not point to any language in the rule which refutes this fact. The majority's statement that the speedy trial time commences "when the accused is taken into custody" has utterly no basis in the language of the rule. Majority op. at 1091.
This Court's interpretation of the speedy trial rule in Reed v. State, 649 So.2d 227 (Fla.1995), in Genden, and in State v. Agee, 622 So.2d 473 (Fla.1993), created a judicial statute of limitation without foundation in the language of the rule. The majority's present decision is simply another expansion of this judicial statute of limitation created without any foundation in the language of the speedy trial rule.
I agree with Judge Fulmer and would hold that Genden does not apply to this case.
QUINCE, J., concurs.
NOTES
[1] This Court noted that "[a] `no action' has been defined as a `dismissal of the pending charges before an information or indictment has been filed.'" Genden, 648 So.2d at 1183 n. 1 (citing Allied Fidelity Insurance Co. v. State, 408 So.2d 756, 756 n. 1 (Fla. 3d DCA 1982)).