DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JOHN TELUCIEN,**
Appellee.

No. 4D16-277

[ August 16, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 15-10630 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellant.

Roger Cabrera of Roger Cabrera, P.A., Miami, for appellee.

**ON MOTION FOR REHEARING**

PER CURIAM.

We grant the state's motion for rehearing, withdraw our prior opinion, and substitute the following in lieu thereof.

The state appeals from a final order granting the defendant's motion for speedy trial discharge. The state argues that the defendant's motion for continuance on a misdemeanor charge waived his right to a speedy trial on the felony charge, which was filed outside of the 175-day speedy trial but arose from the same criminal episode. We agree and reverse the discharge order.

The defendant was arrested on July 30, 2014, on a complaint charging him with one count of felony child abuse and one count of misdemeanor battery. The charges stemmed from his alleged texting relationship and physical contact with a minor who attended the summer camp where the defendant worked as a counselor. On August 27, 2014, the state filed a "no information" on both charges. On October 27, 2014—just one day

before the expiration of the speedy trial period for a misdemeanor—the state filed an information as to the misdemeanor battery charge.

On January 29, 2015, the defendant requested and received a continuance. On August 18, 2015, the state "up-filed" or amended its information, charging the defendant with a felony count of lewd and lascivious conduct. The new felony charge arose from the same conduct for which the defendant was initially arrested, but it was not filed until 209 days *after* the speedy trial period for a felony had expired. About a month later, the state entered a nolle prosequi on the misdemeanor charge.

The defendant filed a motion to discharge pursuant to Florida Rule of Criminal Procedure 3.191(a), contending that he was entitled to discharge because the information was filed 384 days after the defendant's initial arrest and 209 days after the expiration of the 175-day speedy trial period established in rule 3.191. The state opposed the motion, arguing that the defendant's prior continuance and speedy trial waiver in the misdemeanor case waived his speedy trial rights in the felony case as well. The trial court determined that, because the defendant did not waive his speedy trial rights until *after* the 175-day speedy trial period for a felony had expired, the post-expiration continuance was a nullity. Accordingly, the court ruled that the state was not entitled to the recapture period and granted the defendant's motion for speedy trial discharge.

The standard of review of a trial court's order discharging a defendant on speedy trial grounds is de novo. *State v. Nelson*, 26 So. 3d 570, 573-74 (Fla. 2010).

Florida Rule of Criminal Procedure 3.191 is the procedural mechanism by which a defendant can assert the right to a speedy trial. The speedy trial rule provides that a defendant must be brought to trial within ninety (90) days of being arrested if the crime charged is a misdemeanor, and within 175 days of being arrested if the crime charged is a felony. Fla. R. Crim. P. 3.191(a). If the defendant is not tried within these time frames, he or she is entitled to enforce the right to a speedy trial by filing a Notice of Expiration of Speedy Trial. Fla. R. Crim. P. 3.191(a) & (p). The notice triggers the requirement that the court hold a hearing within five (5) days. Fla. R. Crim. P. 3.191(h) & (p)(3). If the court determines that none of the reasons set forth in rule 3.191(j) exist to justify delay in bringing the defendant to trial, the court must order that the defendant be brought to trial within ten (10) days. Fla. R. Crim. P. 3.191(p)(3). Failure of the state to bring the defendant to trial within the recapture period entitles defendant to discharge from the crime. *Id.*

2

The issue in this case is whether the state is entitled to a recapture period in the felony lewd and lascivious conduct case where the defendant's waiver of his speedy trial rights in the related misdemeanor case occurred after the 175-day period for filing a felony charge.

In its written order[1] granting the defendant's motion for discharge, the trial court concluded that, because the state failed to file felony charges until 384 days after his arrest, and because the defendant did not waive his speedy trial rights until after the 175th day, the post-expiration continuance was a nullity. In so ruling, the court relied on a "trilogy of Florida Supreme court cases," which addressed the effect of the state's failure to file charges before expiration of the speedy trial period upon the state's right to the recapture provisions. *See State v. Agee*, 622 So. 2d 473 (Fla. 1993); *Genden v. Fuller,* 648 So. 2d 1183 (Fla. 1994); *State v. Williams*, 791 So. 2d 1088 (Fla. 2001). The trial court summarized the holding in these cases as follows:

> The Florida Supreme Court in *State v. Agee*, 622 So. 2d 473 (Fla. 1993) addressed the effect of a nolle prosequi on the speedy trial requirements. The court noted that allowing the State to unilaterally toll the running of the speedy trial period by entering a nolle prosequi, would eviscerate the speedy trial rule. It would make it possible for a prosecutor with a weak case to enter a nolle prosequi while strengthening the case and refiling the "charges based on the same criminal episode months or even years later, thus effectively denying an accused the right to a speedy trial." *Id.* at 475. The court held that "when the State enters a nol pros (sic), the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." *Id.*

> The holding in *Agee* was extended to situations in which the state has announced a "no action" rather than a nolle prosequi. In *Genden v. Fuller*, 648 So. 2d 1183 (Fla. 1994), the Florida Supreme Court held that the speedy trial period "continues to run when the state voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired." *Id.* at 1185. The court further found that there is no legally cognizable difference between the

---

[1] The quoted portions of the trial court's order contain minor edits and formatting alterations.

situation in *Agee* where the state voluntarily terminated prosecution after formally charging the defendant and the situation in *Genden* where the state terminated prosecution before filing an information. *Id.* (citing *Fuller v. Genden*, 630 So. 2d 1150, 1150 (Fla. 3d DCA 1993)).

The underlying principle in *Agee* and *Genden* was further extended by the Florida Supreme Court in *State v. Williams*, 791 So. 2d 1088 (Fla. 2001), to circumstances where the state failed to act until after the speedy trial period expired. The court found that there was no legally cognizable difference between the state announcing a "no action," and the state failing to act until after the expiration of the speedy trial period. *Id.* at 1091 (citing *Williams v. State*, 774 So. 2d 23, 24 (Fla. 2d DCA 2000)). The court concluded that "[a]s in *Genden*, the state was not entitled to a recapture period under rule 3.191." *Id.*

In all three cases, the state's failure to file charges prior to the expiration of the speedy trial period prevented the defendant from filing a notice of expiration pursuant to rule 3.191(p)(2). Because the state's right to recapture is linked to a defendant's ability to exercise the right to file a notice of expiration when the speedy trial period has run, the state was not given the benefit of the recapture period either in *Agee*, *Genden*, or *Williams*. As explained by the court in *State v. Clifton*, 905 So. 2d 172, 176 (Fla. 5th DCA 2005), the rationale behind the rule adopted in *Agee* and extended to *Genden* and *Williams* is "based on fairness to the accused and preservation of the integrity of the speedy trial rule." To allow the state to proceed with prosecution in cases in which it announces a nolle prosequi or no action or where it does nothing to initiate prosecution before a defendant can exercise his speedy trial rights, would circumvent the purpose of the speedy trial rule. *Id.* at 177.

Applying *Agee*, *Genden*, and *Williams* to this case, the trial court stated:

In the instant case, the state signaled its intent to terminate its prosecutorial efforts as to both the misdemeanor and the felony charge when it filed a "no information" on August 27, 2014. The state then timely filed an information charging Defendant with one count of misdemeanor battery. However, the state clearly abandoned its prosecutorial efforts

4

as to the felony charge by failing to formally charge the Defendant with a felony during the speedy trial period. Only after 209 days from the expiration of the speedy trial period for a felony (384 days after arrest) did the state up-file an information in circuit court charging Defendant with a second degree felony.

. . .

The facts of this case present a scenario similar to that in *Agee, Genden,* and *Williams,* in which the state lulled the Defendant into believing that it was unnecessary for him to file a notice of expiration of speedy trial after the 175-day speedy trial period for a felony had passed. Thus, the state is not entitled to the recapture period. Fairness to the accused and the need to preserve the speedy trial rule require that this Court grant Defendant's Motion for Discharge, as it was the State's action that deprived the Defendant of the possibility to file a notice of expiration of speedy trial as to the felony charge. This Court notes that the outcome would have been different had the state not entered a nolle prosequi of the misdemeanor charge, because that charge was timely filed and the Defendant requested a continuance prior to filing a notice of expiration of the applicable speedy trial period.

We disagree with the trial court's above reasoning that the defendant's post-expiration continuance was a nullity and that the state was not entitled to the speedy trial rule's recapture period. Under the facts of this case, the trial court erroneously relied on the *Agee-Genden-Williams* line of cases in concluding that the state abandoned its prosecution of the felony charge and lulled the defendant into a position where he could not seek a speedy trial. Here, there was no circumvention of the purpose or intent of the speedy trial rule. *See State v. Clifton,* 905 So. 2d 172, 176 (Fla. 5th DCA 2005). The state timely filed a misdemeanor charge against the defendant, the defendant moved for a continuance (albeit after expiration of the then-applicable speedy trial period for the misdemeanor), and the state later amended the information to charge the defendant with a felony based on the same arrest and conduct.

In *Nelson,* the Florida Supreme Court held that when a defendant requests a continuance before filing a notice of expiration of the speedy trial period, but after expiration of the speedy trial period, a waiver of the defendant's right to speedy trial results on all charges arising from the same criminal episode, including any newly filed charges arising out of the incident. 26 So. 3d at 576. *Nelson* rejected the notion that a post-

expiration waiver acted as a nullity, which was the main principle upon which the trial court's ruling regarding the defendant's waiver rested. *Id.* at 579–80.

In this case, it is undisputed that the state commenced prosecution against the defendant through the filing of a misdemeanor information within the 90-day misdemeanor speedy trial period. It is further undisputed that the defendant obtained a continuance, or waiver, of his speedy trial rights during the pendency of the case. When the state later filed felony charges based on the same conduct, the original waiver continued to act as a waiver as to the felony, despite that it was made after the speedy trial expiration period for a felony. As *Nelson* noted, this waiver is construed as an "ongoing waiver" of speedy trial rights as to all charges arising out of the incident. *See id.* at 576; *see also McClover v. State*, 217 So. 3d 96, 99 (Fla. 4th DCA 2017) (holding that the defendant's speedy trial waiver at docket call shortly after her arrest for retail theft at one retail store applied to new charges for retail theft at a second store, which were filed more than 175 days after the initial arrest, where the charges arose from that same arrest); *Wallace v. State*, 189 So. 3d 1022, 1026–28 (Fla. 3d DCA 2016) (holding that the defendant-wife waived her speedy trial rights prior to the superseding indictment and continuation of the prosecution did not violate her right to a speedy trial); *Morris v. State*, 715 So. 2d 1177, 1178–79 (Fla. 4th DCA 1998) (holding that the defendant's waiver of speedy trial rights with respect to a misdemeanor battery charge carried over to the amended felony battery information where both charges were based on the same criminal episode).

In *State v. Born-Suniaga*, 42 Fla. L. Weekly D1016, 2017 WL 1718845 (Fla. 4th DCA May 3, 2017), we recently undertook a comprehensive review of Florida Rule of Criminal Procedure 3.191, *Nelson, State v. Naveira*, 873 So. 2d 300 (Fla. 2004), and other cases applying the speedy trial rule. In *Born-Suniaga*, we noted how the case law governing speedy trial has changed since the rules were amended to provide the state with a recapture period. 2017 WL 1718845, at *4. We explained that the speedy trial rule is not self-executing and does not allow for an automatic discharge if the defendant is not tried within the applicable speedy trial period. *Id.* Instead, once the speedy trial period has expired, a defendant must file a "Notice of Expiration of Speedy Trial," triggering the recapture period for the state. *Id.* Here, the defendant never filed a notice of expiration of speedy trial. Instead, he filed only a motion to discharge, which as we recognized in *Born-Suniaga*, was not sufficient to invoke his rights under the current speedy trial rule.

Based on the foregoing, we reverse the trial court's order granting the

defendant's motion for discharge and remand for further proceedings.

*Reversed and Remanded for further proceedings.*

TAYLOR, LEVINE and CONNER, JJ., concur.