DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JORGE TEJEDA,**
Appellee.

No. 4D19-394

[December 11, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward Harold Merrigan, Jr., Judge; L.T. Case No. 14-008008CF10A.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

The State appeals an order discharging the defendant on speedy trial grounds. It argues the trial court erred in granting the motion to discharge the defendant. We agree and reverse.

In July 2013, the police responded to a disturbance complaint, which resulted in the defendant's arrest for felony battery. The State charged him however with misdemeanor battery on August 19, 2013. The defendant moved for continuances in the misdemeanor case on October 2013, December 2013, March 2014, and April 2014, thereby waiving his speedy trial right.

In June 2014, the State filed a new information charging the defendant with felony battery for the July 2013 incident. After the State filed the felony charge, the clerk of court mailed a notice of arraignment to the address the defendant provided; the notice was returned to the sender. In 2016, the State nolle prossed the misdemeanor case.

When the defendant failed to appear for his arraignment, the trial court issued a capias. In doing so, the court stated that it was the defendant's obligation to make sure the correct address is on file or alternatively update it when he posted bond. The court later withdrew the capias. The defendant filed a notice of change of address. The defendant then moved for, and the trial court granted, continuances in the felony case in March 2017, February 2018, and April 2018.

In 2018, the defendant moved for discharge of the felony charge; he subsequently amended his motion. At the hearing on the amended motion, the defendant argued he was entitled to discharge because: (1) the State failed to bring him to trial within 175 days of his arrest; and (2) he did not have notice of the felony case until after the speedy trial period expired. The State responded that the defendant's continuances in the misdemeanor case resulted in an ongoing waiver of speedy trial in the felony case. Nevertheless, the trial court granted the motion to discharge without explanation.

The State now appeals.

The State argues the trial court erred in granting the amended motion for discharge because the defendant waived his right to speedy trial and never made a demand for speedy trial. The defendant responds that the State failed to preserve the issue and the court properly granted the motion based on a violation of his constitutional right to speedy trial.

We have de novo review of this legal issue. *State v. Nelson*, 26 So. 3d 570, 573-74 (Fla. 2010).

"To properly preserve an issue for appellate review requires three components, '[f]irst, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, '[i]n order for an argument to be cognizable on appeal, *it must be the specific contention asserted as legal ground* for the objection, exception, or motion below.'" *State v. Calvert*, 15 So. 3d 946, 948 (Fla. 4th DCA 2009) (citation omitted).

The defendant's amended motion for discharge relied heavily on Florida Rule of Criminal Procedure 3.191. The motion stated the defendant alternatively "motions for dismissal pursuant to the 5th, 6th, and 14th amendments of the United States Constitution (the constitutional right to speedy trial)." But, the defendant neither argued his constitutional rights under the 5th, 6th, and 14th amendments in his motion nor at the

2

hearing.[1]  Instead, both parties spent a significant amount of time arguing *State v. Telucien*, 225 So. 3d 385 (Fla. 4th DCA 2017), at the hearing on the motion.

"As expressly guaranteed by both the state and federal constitutions and the Florida Rules of Criminal Procedure, a criminal defendant possesses the right to a speedy and public trial." *Nelson*, 26 So. 3d at 574. Florida Rule of Criminal Procedure 3.191 requires the state to bring a defendant charged with a misdemeanor to trial within 90 days and a felony to trial within 175 days.  Fla. R. Crim. P. 3.191(a).  The period begins upon the defendant's initial arrest.  *Bulgin v. State*, 912 So. 2d 307, 310 (Fla. 2005).

"When a defendant is charged within the speedy trial period, the remedy for a violation of the rule is not an automatic discharge."  *Nelson*, 26 So. 3d at 574.  Rather, once the applicable time period for a speedy trial has expired, the defendant must file a notice of expiration pursuant to Rule 3.191(p).  *Telucien*, 225 So. 3d at 390.  Upon filing this motion, a hearing must be held in five days, and unless one of the exceptions within the rule applies, the trial court must order the defendant be brought to trial within ten days or be forever discharged from the crime.  Fla. R. Crim. P. 3.191(p)(3).

A defendant may waive his right to a speedy trial by moving for and being granted continuances.  *Nelson*, 26 So. 3d at 576.  This constitutes a waiver "because this action causes a delay in the prosecution that is attributable to the defendant and demonstrates that the defendant is not available for trial."  *Id.*  "This waiver is construed as an ongoing waiver of speedy trial rights as to *all charges* which emanate from the same criminal episode, including any newly filed charges arising out of the incident."  *Id.* "After waiving the right to a speedy trial, the defendant must take affirmative action to restart the clock for a speedy trial by filing a 'Demand for Speedy Trial.'"  *Wallace v. State*, 189 So. 3d 1022, 1026 (Fla. 3d DCA 2016).

Here, the defendant's right to a speedy trial under Rule 3.191 was not violated.  The record reflects the defendant was arrested on July 13, 2013 and charged with a misdemeanor on August 19, 2013, within the 90-day speedy trial period.  The defendant then moved for continuances on October 2013, December 2013, March 2014, and April 2014.  The court granted all of these motions.  These continuances constituted the

---

[1] For this reason, the defendant's constitutional argument was not preserved.

defendant's waiver of his right to a speedy trial.  The defendant never filed a demand for speedy trial nor sought a speedy trial after his initial waiver.  Instead, he sought several more continuances.

On June 10, 2014, the State charged the defendant with felony battery based on the same July 2013 event.  The defendant again moved for continuances on the felony case in March 2017, February 2018, and April 2018.  The court granted the continuances.  And, the defendant again did not file a demand for speedy trial or a notice of expiration, pursuant to Rule 3.191(p).

In *Nelson*, the Florida Supreme Court unequivocally held that a pre-expiration continuance operates as a waiver of a defendant's speedy trial rights as to all charges emanating from the same criminal episode, **including any newly filed charges arising out of that criminal episode**.  *Nelson*, 26 So. 3d at 576-77 (emphasis added).  *Nelson* rejected the notion that a post-expiration waiver acted as a nullity, which was the main principle upon which the trial court based its decision.  *Id.* at 579–80.

While the felony information was filed after Rule 3.191's default period, it is a nonissue as the defendant previously waived his right to speedy trial in the misdemeanor case.  *Telucien*, 225 So. 3d at 386.

In *Telucien*, the defendant was arrested for felony child abuse and misdemeanor battery.  *Id.* at 386.  The State charged the defendant with misdemeanor battery within the speedy trial period.  *Id.*  The defendant subsequently requested and received a continuance.  *Id.*  The State then filed an amended information charging the defendant with lewd and lascivious conduct arising from the "same conduct for which the defendant was initially arrested."  *Id.*  This felony information was filed "209 days after the speedy trial period for a felony had expired."  *Id.*

One month later, the State entered a nolle prosequi in the misdemeanor case.  *Id.*  The defendant then moved for discharge without filing a demand for speedy trial or a notice of expiration.  *Id.*  The State responded, "the defendant's prior continuance and speedy trial waiver in the misdemeanor case waived his speedy trial rights in the felony case as well."  *Id.* at 386.  The trial court granted the motion to discharge.  *Id.* at 386-87.  We reversed.

> [I]t is undisputed that the state commenced prosecution against the defendant through the filing of a misdemeanor information within the 90–day misdemeanor speedy trial period.  It is further undisputed that the defendant obtained

> a continuance, or waiver, of his speedy trial rights during the pendency of the case. When the state later filed felony charges based on the same conduct, the original waiver continued to act as a waiver as to the felony, despite that it was made after the speedy trial expiration period for a felony.

*Id.* at 389.

Here, the State filed the misdemeanor within the 90-day misdemeanor speedy trial period. The defendant obtained several continuances, thereby waiving his speedy trial rights during the pendency of the misdemeanor case. The State later filed the felony charge based on the same conduct. "[T]he original waiver continued to act as a waiver as to the felony, despite that it was made after the speedy trial expiration period for a felony." *Id.*

We therefore reverse and remand the case for reinstatement of the charges.

*Reversed and Remanded.*

TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5