ORFINGER, R. B„ J.
Shawn Malmsberry seeks a writ of prohibition following the circuit court’s denial of his motion for discharge on speedy trial grounds. We deny the petition.
Malmsberry was arrested on February 7, 2001 on two counts of aggravated stalking. At a pretrial conference held on July 10, 2001, the State and defense counsel advised the court that the case was ready for trial and that all discovery had been completed. The court set the case for trial on July 30, 2001, two days prior to the expiration of the speedy trial period. On July 13, 2001, defense counsel filed a defense witness list listing six witnesses previously unknown to the State. A seventh defense witness was verbally provided to the State sometime thereafter. Based on the late disclosure of the defense witnesses, the State moved for a continuance *802 of the July 30th trial to allow the newly disclosed witnesses to be deposed.[1] The court granted the continuance and reset the case for trial on August 13, 2001. Subsequently, the defense filed a motion for discharge claiming that Malmsberry had not been brought to trial within the speedy trial period or the recapture period.
The trial court denied Malmsber-ry’s petition for discharge finding that the late disclosure of witnesses constituted a discovery violation by the defense. On these facts, we conclude that there was no abuse of discretion by the trial court in finding, after adequate inquiry into the circumstances, that a discovery violation had occurred when the defense disclosed seven witnesses to the State so close to both the trial and the expiration of the speedy trial period. Upon that determination, the trial court had broad discretion to fashion a remedy, including a continuance. Fla. R.Crim. P. 3.220(h); Hughes v. State, 542 So.2d 1027, 1028 (Fla. 3d DCA 1989). We agree with the trial court’s conclusion that the continuance was attributable to the defense, resulting in a waiver of the time limits of the speedy trial rule. Id. (citing J.B. v. Korda, 436 So.2d 1109, 1110 (Fla. 4th DCA 1983)).
PROHIBITION DENIED.
PETERSON and PALMER, JJ., concur.

. The State should have been more mindful of the potential speedy trial problems and moved for an extension of the speedy trial period due to the late disclosure of the defense witnesses. See Fla. R.Crim. P. 3.191(1 )(6).