POLSTON, J.
The appellees/defendants were all arrested on December 15, 2000 for the sale of a controlled substance. The three *1097 agreed to cooperate with law enforcement in a continuing drug investigation and were released. On or about December 20, 2000, the defendants, accompanied by their attorneys, agreed to provide substantial assistance to law enforcement by conducting controlled drug buys. The law-enforcement officials agreed that no charges would be filed until their assistance was complete. These agreements satisfied the defendants’ concern that formal charges and court appearances would jeopardize their covert assistance. The defendants did not sign speedy trial waivers and there was no discussion of the issue. After differing levels of cooperation with law enforcement, the defendants were arrested and charged. The defendants filed motions for discharge based on the speedy trial rule, Fla. R.Crim. P. 3.191, which were granted by the trial courts. The State argues that the speedy trial rule is not applicable because the defendants caused the delay. We agree and therefore reverse.
The defendants’ trials did not commence within the time periods established by the speedy trial rule. Therefore, according to Fla. R.Crim. P. 3.191(j), a motion for discharge should be granted by the court, unless it is shown that:
(1) a time extension has been ordered under subdivision (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
(Emphasis added). Here, the failure to hold trials for the defendants within the speedy trial rule was attributable to the defendants’ cooperation agreements because the agreements postponed the charges and court proceedings until their assistance was complete. Therefore, the exception to the speedy trial rule applies, and the trial courts should have denied the motions for discharge. Cf. Collins v. State, 489 So.2d 133 (Fla. 1st DCA 1986)(affirming the trial court’s denial of a motion for discharge based on the speedy trial rule because the delay in proceeding was caused by the defendant’s announcement of an intent to enter a plea of guilty or nolo contendere, although he was not brought to the court for plea purposes until the deadline expired); State v. Rosenfeld, 467 So.2d 731, 733 (Fla. 3d DCA 1985)(reversing a discharge based on the speedy trial rule, the court ruled that “[t]he defendant cannot defeat the state’s opportunity to charge her by negotiating a plea and then obtaining a favorable ruling, after the speedy trial time has passed, on a motion to withdraw the plea which is filed shortly before the speedy trial time has run”); Geiger v. State, 532 So.2d 1298, 1301 (Fla. 2d DCA 1988)(same).
The defendants cite Williams v. State, 757 So.2d 597 (Fla. 5th DCA 2000) as controlling authority. In Williams, the defendant was arrested for selling cocaine and later agreed with police to assist in drug enforcement operations as an informant. Id. at 598. “The police then effected what the state attorney termed an ‘unarrest.’ ” Id. After the defendant’s cooperation, the police arrested him again for the same sale of cocaine. Id. The Fifth District Court of Appeal held that the initial arrest starts the running of the speedy trial time and that, for purposes of the rule, there is no such thing as an “unarrest.” Id. We agree with that holding, but that is not the case presented here. The defendants were not subject to any procedures labeled as an “unarrest,” and the exception under the speedy trial rule upon which we base our ruling, Fla. *1098 R.Crim. P. 3.191(j)(2), was not decided in Williams.[1]
REVERSED and REMANDED for further proceedings.
KAHN and WEBSTER, JJ., concur.

. Other cases cited by the defendants, State v. Agee, 622 So.2d 473, 475 (Fla.l993)(holding that the State could not refile charges once it had entered a nolle prosequi and the speedy trial period had run) and State v. Williams, 791 So.2d 1088, 1091 (Fla.2001)(holding that the state could not file charges based on the same conduct after the speedy trial period had expired), are not applicable because they did not involve delays attributable to the defendant. Therefore, the exception to the speedy trial rule at issue here, Fla. R.Crim. P. 3.191(j)(2), was not applicable.