ALLEN, J.
 

 In this criminal case the state appeals the trial court’s order discharging the ap-pellee from further prosecution, based on the court’s determination that prosecution would violate speedy trial protections under Florida Rule of Criminal Procedure 3.191. However, the speedy trial time was waived by continuances and delays attributable to the appellee, and further prosecution is therefore not precluded under the speedy trial rule.
 

 
 *1121
 
 The appellee was charged with several offenses and a trial date was set, but before that date appointed counsel informed the court that the appellee wanted to obtain other legal representation. The ap-pellee agreed to a continuance and expressly waived the initial time for speedy trial, with the trial then being rescheduled. Counsel later moved for a status conference or another continuance, advising the court that the appellee had not obtained other representation. The appellee did not appear at the hearing on that motion, whereupon a capias was issued and the rescheduled trial was thereafter postponed. When the new trial date arrived a jury was selected, but the court then granted a defense request for a mistrial.
 

 After the mistrial the appellee sought dismissal of the charges, on a claim of double jeopardy. The parties did not appear at a first hearing call on that motion. On a later hearing date the court asked if the appellee wanted a continuance for consideration of the motion. Counsel indicated that he was not asking for a continuance, but that he wanted a ruling on the motion before proceeding to trial. The case was not set for trial at that time and another hearing on the motion was scheduled, but before that date the appellee filed a notice of expiration of the speedy trial time.
 

 A hearing was commenced on the speedy trial notice, but that hearing was continued and after some additional delay the appellee filed another notice of expiration of the speedy trial time. The court then ruled that the appellee was entitled to discharge, with the court finding that further prosecution would violate the speedy trial time in Florida Rule of Criminal Procedure 3.191(m), which pertains after mistrial.
 

 Both the initial speedy trial time and the time after mistrial may be waived upon a continuance or other delay attributable to the defense.
 
 Koshel v. State,
 
 689 So.2d 1229 (Fla. 5th DCA 1997);
 
 State v. Ryder,
 
 449 So.2d 898 (Fla. 2d DCA),
 
 review denied
 
 456 So.2d 1182 (Fla.1984);
 
 see also
 
 Fla. R.Crim. P. 3.191(j)(2). The ap-pellee asserts that his initial waiver of the speedy trial time was made by express reference to the time in rule 3.191(a), and that it should not encompass the time after mistrial in rule 3.191(m). But while a limited waiver can be made,
 
 see Koshel,
 
 even if the appellee’s initial waiver were given that effect the rule 3.191(m) time would still be waived by the appellee’s subsequent continuances and delays. And although the appellee notes that he disavowed a desire for a continuance upon his motion to dismiss for double jeopardy, the delay occasioned in connection with that motion waived the speedy trial time regardless of the appellee’s attempt to characterize the delay as something other than a continuance.
 
 See State v. Frazee,
 
 617 So.2d 350 (Fla. 4th DCA 1993).
 

 The continuances and delays attributable to the appellee waived the speedy trial time in rule 3.191(m), and the appellee did not make a speedy trial demand under rule 3.191(b). The trial court should not have found a violation of the speedy trial time, and further prosecution is not precluded under rule 3.191. The appealed order is therefore reversed, and the case is remanded.
 

 PADOVANO and ROBERTS, JJ., concur.