PER CURIAM.
 

 Petitioner seeks a writ of prohibition to review the trial court’s denial of his motion for speedy trial discharge. Petitioner argues that the trial court erred in finding that the motion for discharge should be denied pursuant to Florida Rule of Criminal Procedure 3.191(j)(2) as the failure to hold a trial was attributable to petitioner due to his incarceration in Georgia. We agree and grant the writ of prohibition.
 

 Petitioner was arrested on March 1, 2007, on Leon County warrants. The warrants were executed by law enforcement in Georgia as it was believed that petitioner was residing in Georgia. Initially, petitioner was booked into a county jail in Georgia pending his extradition back to Florida. However, petitioner was subsequently charged with crimes occurring in Georgia based on items found during a search upon his arrest. He was found guilty of at least some of those Georgia charges and served a sentence of incarceration as a result. On September 15, 2008, petitioner arrived at the Leon County Jail and was booked on the underlying offenses. On September 26, 2008, the state filed an information, charging petitioner with twelve crimes involving counterfeiting, grand theft and fraud.
 

 Petitioner filed a motion for speedy trial discharge, arguing that the information was filed more than 175 days after his arrest. Indeed, the information was not filed until 579 days after his arrest. Counsel argued that the only tolling provision
 
 *647
 
 that governed out-of-state prisoners, Florida Rule of Criminal Procedure 3.191(e), did not toll the time because no indictment or information had been filed. The trial court agreed that subsection (e) did not apply. However, the judge stated that the delay in bringing him to trial could be attributed to petitioner because the delay was a result of his criminal activity in Georgia that preceded the March 1, 2007, arrest. Therefore, the trial court denied the motion for discharge.
 

 Florida Rule of Criminal Procedure 3.191(e) provides that:
 

 a person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of the state or a subdivision thereof, and
 
 who is charged with a crime by indictment or inform,ation issued or filed under the laws of the state,
 
 is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person’s return is filed with the court and is served on the prosecutor.
 

 (emphasis added). The plain language of the rule specifically requires that the prisoner outside the jurisdiction of the state be charged with a crime by information for this subdivision to apply. Here, the state did not file an information until petitioner was returned to the state.
 
 Cf. State v. Bivona,
 
 496 So.2d 130 (Fla.1986) (holding that the rule tolls time in cases where Florida information had been filed). Therefore, this subsection does not apply to petitioner. Accordingly, Florida Rule of Criminal Procedure 3.191(a) applies to petitioner, and the state was required to bring petitioner to trial within 175 days of his arrest.
 

 Petitioner also argues that the trial court erred in finding that the motion to discharge should be denied pursuant to rule 3.191(j)(2). We agree that this is error. The failure to hold trial was not attributable to petitioner under the circumstances of this case. The state could have filed an information prior to petitioner’s return to Florida, thereby removing the case from the speedy trial rule pursuant to rule 3.191(e). A defendant is not considered unavailable for trial under Florida Rule of Criminal Procedure 3.191(j)(3) if he is incarcerated in another county when the authorities are aware of the defendant’s incarceration.
 
 See, e.g., Robbins v. State,
 
 453 So.2d 877 (Fla. 2d DCA 1984). Likewise with rule 3.191(j)(2), a delay should not be held attributable to a defendant when he is incarcerated out-of-state and the authorities are aware of his whereabouts. Furthermore, it is the state’s responsibility to bring those arrested to trial within the times provided in the speedy trial rule.
 
 See Bulgin v. State,
 
 912 So.2d 307 (Fla.2005). The state was in control over the chain of events in this case by controlling when the information was filed.
 

 Accordingly, the petition for writ of prohibition is granted. The trial court is directed to discharge petitioner.
 

 KAHN, BENTON, and VAN NORTWICK, JJ., concur.