PER CURIAM.
Jason 0. Tedder petitions this court for a writ of prohibition, contending that he is entitled to discharge in a criminal matter in the Circuit Court for Bay County because his right to speedy trial has been violated. Finding his arguments to be well-taken, we grant the petition.
Tedder was charged in Santa Rosa County in August 2005 with using a computer to facilitate or solicit a sexual crime. He was declared incompetent in that proceeding in May 2006. Those charges were eventually dismissed when the court made a finding that the defendant had not been competent for the preceding two years and was unlikely to become competent. In the meantime, in April 2006 Tedder was arrested on similar charges arising in Bay County. The information was not filed in Bay County until March 2009. After denial of two motions for discharge by the Circuit Court for Bay County, Tedder seeks prohibition relief from this court. We have jurisdiction. Sherrod v. Franza, 427 So.2d 161 (Fla.1983).
Petitioner’s position is that he became entitled to discharge when the information was not filed within 175 days of his arrest under the reasoning of State v. Williams, 791 So.2d 1088 (Fla.2001). The State of Florida responds by arguing that Tedder was unavailable for trial or other material stages of the proceeding because of the incompetency adjudication in the Santa *834 Rosa County case under Florida Rule of Criminal Procedure 3.210(a). According to the state, the speedy trial period did not begin to run by the terms of Rule 3.191(k). However, those rules, by their plain language, apply in an ongoing criminal judicial proceeding which has been commenced by the filing of a timely information or indictment.
Although this case is unique on its facts, it is sufficiently analogous to Pearson v. State, 18 So.3d 645 (Fla. 1st DCA 2009) for us to look to that decision for instruction. There, as here, the prosecuting authority did not timely file an information. It argued against discharge on the theory that Pearson was unavailable for trial because he was incarcerated in another state. The trial court accepted that argument and denied the motion for discharge but this court disagreed and granted the petition for writ of prohibition. It was noted that the state could have filed an information within 175 days of arrest and removed the case from speedy trial constraints under Rule 3.191(e). There, as here, “[t]he state was in control over the chain of events ... by controlling when the information was filed.” Id. at 647.
The petition for writ of prohibition is granted. The Circuit Court for Bay County is directed to order discharge of petitioner Tedder in the matter now pending before it.
PETITION GRANTED.
BARFIELD, ALLEN, and DAVIS, JJ., concur.