BENTON, C.J.
 

 Gregory Doctor appeals his convictions and sentences on fourteen felony counts, raising two points. He contends the trial court should have granted his motion for discharge under Florida Rule of Criminal Procedure 3.191 because the state filed its first formal charges more than 175 days after his arrest for the crimes of which he was convicted. He also contends the trial court should have granted his motion to dismiss because the statute of limitations had run on all counts. Prosecution for a second or third degree felony “must be commenced within 3 years after it is committed.” § 776.16(2)(b), Fla. Stat. (2001). We reverse and remand with directions that he be discharged.
 

 An arrest warrant having issued in Leon County, Mr. Doctor was arrested on November 2, 2005, and booked on sixteen Leon County felonies on November 5, 2005, in Pasco County.
 
 See Trainer v. Broome,
 
 666 So.2d 1019, 1020 (Fla. 4th DCA 1996) (holding that “if evidence exists disclosing that an individual was booked into custody for a specific offense, one must presume that the individual was in fact arrested for that offense” (citing
 
 Perkins v. State,
 
 457 So.2d 1053, 1055 (Fla. 1st DCA 1984))). A “person is taken into custody ... when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged.” Florida Rule of Criminal Procedure 3.191(d)(1). An arrest may occur, as here, without execution of an arrest warrant.
 

 The speedy trial time continues to run after arrest, even when the state takes no further action.
 
 See State v. Williams,
 
 791 So.2d 1088, 1091 (Fla.2001). In the present case on June 14, 2006, some six weeks after the 175-day speedy trial time period expired, the state filed a two-count information.
 
 See
 
 Florida Rule of Criminal Procedure 3.191(a) (“every person charged with a crime shall be brought to trial ... within 175 days of arrest if the crime charged is a felony”). Nearly six months later, the state filed an amended or supplemental fourteen-count information on December 4, 2006. Both pleadings charged crimes years in the past for which the appellant had been arrested in November of the year before.
 

 If the state had filed charges within 175 days of appellant’s arrest, the state would have been entitled to notice of expiration of speedy trial time and would have had the benefit of the recapture window provided for by Florida Rule of Criminal Procedure 3.191(p)(3). That part of the rule requires a prompt hearing after which the parties may have as much as ten days’ notice of trial:
 

 No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and ... shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
 

 Fla. R.Crim. P. 3.191(p)(3). But the state loses the benefit of the recapture provision if it neglects to file charges until after expiration of the 175-day speedy trial period.
 
 See Williams,
 
 791 So.2d at 1091 (“[W]e hold that the speedy trial time be
 
 *337
 
 gins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period. The State may not file charges based on the same conduct after the speedy trial period has expired.”).
 

 In the present case, the state does not dispute that no information was filed until after the 175-day period had run. Separately, the state concedes that the statute of limitations barred trial on at least twelve of the fourteen counts set out in the informations on which appellant was convicted and sentenced.
 

 Accordingly, the convictions and sentences are reversed, and the matter is remanded with directions that the appellant be discharged.
 

 ROBERTS and RAY, JJ., concur.