VAN NORTWICK, J.
This petition for writ of prohibition challenges the denial of a motion for discharge based on a violation of the speedy trial rule. For the reasons that follow, we grant the petition.
Petitioner was arrested on March 18, 2011, for sexual assault. On September 16, 2011, more than 175 days after his arrest, petitioner filed a notice of expiration of time for speedy trial pursuant to rule 3.191(h), Florida Rules of Criminal Procedure, and a motion for discharge pursuant to rule 3.191(n). Later that same day, the State filed an information charging petitioner with sexual battery and lewd or lascivious battery. Before that date, the State had not filed any charges against petitioner.
At a hearing on the motion for discharge, the State argued that the delay in filing the criminal charges was attributable to the defendant. The State introduced a March 25, 2011, e-mail from defense counsel to the Assistant State Attorney (ASA) which stated, “I would like to meet with you to discuss the case before you make any charging decision or take other steps.” On April 26, 2011, defense counsel wrote to the ASA stating that he was waiting on an updated medical report and reiterating his “hope” that the ASA would “hold off on any filing decision until everything available has been reviewed.” The ASA agreed that before making a filing decision, she would wait for defense counsel to provide the updated medical report. At the hearing, the ASA testified that the April 26, 2011, letter was the last communication she received from defense counsel regarding the case; however, during cross examination, the ASA reviewed her case file and discovered a letter from defense counsel with the updated medical report. The letter contained a date stamp which con *801 firmed that it had been received by the State Attorney’s office on May 4, 2011, four months before the speedy trial period expired.
The trial court expressly found that the defendant had not waived his right to speedy trial, but nevertheless denied the motion for discharge finding that the failure to file charges during the speedy trial time period was “somewhat attributable” to the defendant citing rule 3.191(j)(2). The trial court found that the speedy trial period expired on September 9, 2011, before the State filed charges on September 16, 2011; however, the trial court excluded from the speedy trial period the days between defense counsel’s March 25, 2011, email and the May 4, 2011, letter which attached the updated medical report. The trial court added those 39 days to the 175-day speedy trial period and ruled that the speedy trial period would expire on October 18, 2011.
Petitioner now seeks a writ of prohibition. Petitioner argues that when the State fails to file charges within the 175-day period, the State is not entitled to the recapture window set forth in rule 3.191(p)(3). State v. Latundra Williams, 791 So.2d 1088, 1091 (Fla.2001); Doctor v. State, 68 So.3d 335, 336 (Fla. 1st DCA 2011). Petitioner asserts that the State failed to establish that the defendant was the cause for the delay in filing the information, relying on Bulgin v. State, 912 So.2d 307 (Fla.2005), where several defendants agreed to provide assistance to law enforcement officials who agreed that no charges would be filed until the assistance was complete. The Bulgin defendants did not waive their speedy trial rights. When they were not brought to trial within the 175-day speedy trial period, the defendants moved for discharge, which was granted by the trial court. The Florida Supreme Court concluded that the State failed to establish that the delay in charging the defendants was attributable to the defendants. Bulgin, 912 So.2d at 310.
In response, the State asserts that the failure to file formal charges was due to a delay attributable to the defendant. Fla. R.Crim. P. 3.191(j)(2). The State cites to petitioner’s request that the State delay the filing of charges until defense counsel could provide information and discuss further the circumstances surrounding the offense with the ASA. Nothing in rule 3.191 provides that the State is entitled to the recapture period, automatically, where the State fails to file an information within the time limit. The passage of time alone does not warrant automatic dismissal. The State argues that, unlike Bulgin, the State received no benefit in waiting to file the information. Instead, in the case under review it was the defendant who was the beneficiary of any delay in the filing of the information. The State asserts that the trial court properly charged the defendant with a delay of 39 days based on the defendant’s request to provide information to the ASA before the filing of formal charges.
We find that petitioner is entitled to relief. Prohibition is the “appropriate remedy to prohibit trial court proceedings where an accused has been denied his right to a speedy trial and his motion for discharge has been denied.” Lowe v. Price, 437 So.2d 142, 143 (Fla.1983). When presented with a motion for discharge, the trial court has two options: either to grant or deny the motion. It was error for the trial court to add 39 days to the speedy trial period. There is no provision in rule 3.191 to allow for the tolling of the speedy trial period for a specific number of days. Such a process would be unworkable for many reasons. Post-arrest and pretrial negotiations are common between the State and the defendant. To *802 allow the speedy trial time to be tolled for a limited period, multiple factual issues would arise including, for example, what kind of discussion would trigger a tolling period, what level of formality would be required, when would the tolling period end and whether the mailbox rule would apply. This would be unmanageable for the courts, the prosecutors and the defendants.
Rule 3.191(a), states that a person charged with a felony shall be brought to trial within 175 days of arrest. The Florida Supreme Court has consistently held that the speedy trial period begins upon a defendant’s initial arrest. See Weed v. State, 411 So.2d 863, 865 (Fla.1982) (“[T]he date of the original arrest is the focal point for speedy trial considerations, irrespective of changes made in charges. Only in specifically delineated circumstances can the time periods be adjusted.”); see also State v. Naveira, 873 So.2d 300, 305 (Fla.2004) (citing Genden v. Fuller, 648 So.2d 1183, 1184 (Fla.1994)) (“The speedy trial period begins when a defendant is first taken into custody, not when charges are first filed.”). “[T]he speedy trial time begins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period. The State may not file charges based on the same conduct after the speedy trial period has expired.” Latundra Williams, 791 So.2d at 1091. “The speedy trial time continues to run after arrest, even when the State takes no further action.” Doctor, 68 So.3d at 336. When the State fails to file charges within the speedy trial period, the State is not entitled to the recapture window set forth in rule 3.191(p)(3). Id. (“But the state loses the benefit of the recapture provision if it neglects to file charges until after expiration of the 175-day speedy trial period”).
The decision to charge and prosecute a defendant is an executive responsibility and the State Attorney has complete discretion in deciding whether and how to prosecute. State v. Bloom, 497 So.2d 2 (Fla.1986). Rule 3.191(j)(2) provides that if the trial of the accused does not commence within the period of time established by the rule, “a motion for discharge shall be granted by the court unless it is shown that ... the failure to hold trial is attributable to the accused.... ” Generally, cases attributing a delay to the defendant concern acts which delay the start of trial.[1] However, here, the defendant had not been charged with a criminal offense when the 175-day speedy trial period lapsed.
Both Bulgin and Andrew Williams v. State, 757 So.2d 597 (Fla. 5th DCA 2000), involved situations where defendants were arrested, cooperated with the police, and were arrested a second time on the same charges, but at no time did the defendants waive their rights to a speedy trial. See Bulgin, 858 So.2d at 1096-97. In both cases, the State failed to bring the cases to trial within 175 days of the defendants’ initial arrests. Compare Bulgin, 858 So.2d at 1096-97, with Andrew Williams, 757 So.2d at 598-99. The Bulgin court considered the situation in the context of whether or not the delay was *803 attributable to the defendants under rule 3.191(j)(2), whereas the Andrew Williams court considered the situation in the context of whether or not the defendant was “unavailable” under rule 3.191(j)(3). The Florida Supreme Court concluded that neither exception to the rule applied. As the Florida Supreme Court noted in Bulgin,
Under the speedy trial rule, the defendant, upon being arrested, has no obligation under the rule to further assert his right to be brought to trial unless he first waives his right. The [Andrew] Williams decision correctly points out that it is the State’s responsibility to bring those arrested to trial within the times provided in the speedy trial rule.
Bulgin, 912 So.2d at 312. After the Supreme Court announced its holding in Bul-gin, the State Attorneys are well-advised to obtain a waiver of speedy trial or a stipulated extension of the speedy trial period. As noted by Michael E. Allen in West’s Florida Criminal Practice,
Bulgin provides an important strategic reminder for prosecutors. When the prosecution or law enforcement enters into a substantial assistance/deferred prosecution or trial agreement with a person who has been arrested and might later be prosecuted or tried for crimes growing out of the circumstances leading to the arrest, the prosecution should either secure a waiver of speedy trial from the person or secure a rule 3.191(i)(l) stipulated extension of the speedy trial period.
Allen, Florida Criminal Practice, § 14:13 (2011 ed.)
Here, the defendant requested that the ASA wait to file charges until an updated medical report was provided. The State Attorney could have charged petitioner at any time, whether or not the medical report was provided. It is undisputed that the updated medical report was provided to the ASA on May 4, 2011, four months before the speedy trial period ran on September 7, 2011. Accordingly, any delay was not attributable to the defendant. The speedy trial period having run before criminal charges were filed, petitioner is entitled to discharge.
PETITION GRANTED.
DAVIS, J., CONCURS; ROWE, J., concurs in result only.

. See, e.g., State v. Bowers, 1 So.3d 1120 (Fla. 1st DCA 2009) (defendant requested a continuance before trial); Malmsberry v. State, 819 So.2d 801 (Fla. 5th DCA 2001) (the defense delayed disclosure of witnesses until seventeen days before trial); Zyla v. Cohen, 686 So.2d 603 (Fla. 3d DCA 1996) (defense counsel waited until five days before the trial date to make a document request); and Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1982) (substitute counsel was appointed seven weeks prior to trial).